EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:11-CV-214 SNLJ |
| | ) |
| COLUMBIA MUTUAL INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Burlington Insurance Company seeks indemnification from defendant Columbia Mutual Insurance Company for settlement funds paid by Burlington to a third party. Defendant moved to dismiss (#10). This matter has been fully briefed and is now ripe for adjudication.

## I.  Background

According to the complaint, on January 2, 2010, Richard Bailey was injured while on property leased by Goldstar Enterprises, Inc. in Sikeston, Missouri. Mr. Bailey had been repairing a defect in a tank that was permanently mounted onto a trailer. Mr. Bailey climbed on top of the tank to hand a mig welder to an employee of Goldstar Enterprises, and the employee lit the mig welder, which caused an explosion that severely injured Mr. Bailey. The mig welder was owned by Goldstar Enterprises. Both the tank and trailer were used by Goldstar Recylcers, Inc., in the operation of its restaurant grease recycling business. However, the trailer was owned by Goldstar Enterprises, and the tank itself was owned either by Goldstar Enterprises or Ed Jolley, the owner of both Goldstar Enterprises and Goldstar Recyclers.

On the date of the accident, Goldstar Recyclers was insured by plaintiff, and Goldstar Enterprises was insured by defendant. Mr. Bailey presented a claim for personal injury arising out of the accident to Goldstar Recyclers, and, upon investigation, plaintiff Burlington paid $900,000 in settlement to Mr. Bailey. Plaintiff also obtained a release from Mr. Bailey that released defendant Columbia from all claims and actions by Mr. Bailey arising out of the January 2, 2010 incident.

Before reaching that settlement, plaintiff notified defendant Goldstar Enterprises and demanded that defendant pay for or contribute to the settlement. Defendant refused. As a result, plaintiff filed this four-count lawsuit against defendant: indemnification (Count I), equitable contribution (Count II), unjust enrichment (Count III), and declaratory judgment (Count IV). Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.  Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the

claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

**III.    Discussion**

Defendant contends that plaintiff's entire complaint should be dismissed because plaintiff is not the real party in interest. Defendant contends that plaintiff's suit must be brought in the name of plaintiff's insured, Goldstar Recyclers, because plaintiff has not pleaded that Goldstar Recyclers assigned its right to bring suit to recover the settlement paid on its behalf.

In support, defendant relies on § 507.010 R.S.Mo. and Missouri Supreme Court Rule 52.01, which requires that every civil action be prosecuted "in the name of the real party in interest." The Federal Rules of Civil Procedure also require that every action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Plaintiff Burlington, defendant argues, is not the "real party in interest" here — rather plaintiff's insured is the real party at interest. Indeed, in Missouri, unless the insured has assigned its right of action to its insurer, the insured holds legal title to any claims it may have against a tortfeasor. *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 110 (Mo. Ct. App. 1971). Where "the interest of the insurer is derived by subrogation, the action must be brought by, or at least in name of, the insured." *American Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guar. Co.*, 693 F. Supp. 2d 1038, 1049 (E.D. Mo. 2010) (quoting *Warren v. Kirwan*, 598 S.W.2d 598, 599 (Mo. Ct. App. 1980)). Only where the insured has assigned the "entire cause of action" to the insurer may the action be brought by the insurer. *Warren*, 598 S.W.2d at 599.

Here, plaintiff has not alleged that Goldstar Recyclers assigned its right of action to its insurer. Plaintiff contends instead that defendant's argument is inapposite because his supporting case law does not involve claims of equitable contribution nor claims between insurers of two joint tortfeasors. Plaintiff relies on *State ex rel. McCubbin v. McMillian*, 349 S.W.3d 453, 461 (Mo. Ct. App. 1961), in which the court held that one motorist's insurance company could enforce its insured's right of contribution against another joint-tortfeasor motorist's insurance company. However, that practice — which is reflected in a case that is now more than 50 years old — appears to have been disallowed by subsequent case law. *E.g., Kroeker*, 466 S.W.2d at 110. Moreover, the claim for contribution between insurance carriers in *McCubbin* was a cross-

4

claim within a complex action involving the insured tortfeasors, the injured party, and insurance companies.

Plaintiff is correct that the defendant's supporting cases do not involve claims for equitable contribution between two joint tortfeasors. But the Missouri Supreme Court has been clear regarding contribution claims, as well: "To maintain an action for contribution, both the party seeking contribution and the 'defendant against whom contribution is sought must be ... tortfeasor[s], originally liable to the plaintiff-injured party.'" *Union Elec. Co. v. Metropolitan St. Louis Sewer Dist.*, 258 S.W.3d 48, 55 (Mo. 2008) (quoting *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. banc 2002) and *Safeway Stores, Inc. v. Raytown*, 633 S.W.2d 727, 730 (Mo. banc 1982))). Here, neither the plaintiff *nor* the defendant are alleged to be joint tortfeasors. The only exception to that rule requiring tortfeasors as parties is in a concurrent insurance situation: "Where multiple insurance carriers insure the same insured and cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution when it has undertaken the indemnification of the common insured." *Heartland Payment Systems, L.L.C. v. Utica Mut. Ins. Co.*, 185 S.W.3d 225, 232 (Mo. Ct. App. 2006). Here, the plaintiff and defendant had different insureds, so that exception for "concurrent insurance" is not applicable.

In sum, plaintiff is not the real party in interest according to Missouri law, and, moreover, it appears that contribution is not available as alleged because contribution has not been sought from the "tortfeasor...originally liable to the...injured party" as required by *Gramex*, 89 S.W.3d at 442.

**IV. Conclusion**

The Court will grant defendant's motion to dismiss. However, the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Because the Court would dismiss plaintiff's complaint for failure to prosecute in the name of the real party in interest, the plaintiff shall have 14 days in which to "ratify, join, or ... substitute" its insured as plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is GRANTED, without prejudice to plaintiff's ratification, joinder, or substitution of the real party in interest as plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall have 14 days in which to ratify, join, or substitute its insured as the real party at interest in this matter.

**IT IS FINALLY ORDERED** that if plaintiff does not ratify, join, or substitute its insured as the real party at interest in this matter with 14 days, the Court will dismiss plaintiff's complaint with prejudice.

Dated this  7th  day of September, 2012.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE